**NOT FOR PUBLICATION**

DEC 17 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY ROCHA, | No. 13-17267 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00796-LJO-GSA |
| v. | |
| COUNTY OF TULARE, California, a California General Law County and GABRIEL MACIAS, a deputy of the Tulare County Sheriffs Office, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 16, 2015
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Jeremy Rocha appeals the dismissal with prejudice of his second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. The district court did not err in dismissing Rocha's 42 U.S.C. § 1983 claims because Rocha failed to allege a violation of his federal constitutional or statutory rights, a necessary predicate for § 1983 liability. *See Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). Rocha's generalized allegations regarding the manner of the search are factually insufficient to state a Fourth Amendment claim for excessive force. *See Cameron v. Craig*, 713 F.3d 1012, 1021 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Similarly, the bare allegation that defendants seized Rocha's firearm during a warrant-backed search is insufficient to state a Second Amendment violation. *See D.C. v. Heller*, 554 U.S. 570, 626–27 (2008). Because Rocha has not sufficiently alleged a constitutional violation, his theory of municipal liability also fails. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

2. Rocha's allegations that defendants violated his rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, by failing to accommodate his hearing impairment are also insufficient to state a claim. Rocha does not allege facts suggesting that defendants were aware of his hearing impairment and acted with deliberate indifference, both of which are necessary for an award of monetary damages. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138–39 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11,

2001).  The district court did not err in dismissing Rocha's direct ADA claim against the County for failure to accommodate because Rocha has not alleged any ADA violations for which the County may be held vicariously liable.  *See id.* at 1141.

3.  Nor did the district court err in dismissing Rocha's claims under the Bane Act, Cal. Civ. Code § 52.1, because interference with a statutory or constitutional right is a necessary predicate for Bane Act liability.  *See Gillan v. City of San Marino*, 55 Cal. Rptr. 3d 158, 167 (Cal. Ct. App. 2007).  Rocha's possession of a medical marijuana recommendation does not grant him an unlimited right to possess and cultivate medical marijuana under California law.  *See People v. Kelly*, 222 P.3d 186, 188 (Cal. 2010); *People v. Wayman*, 116 Cal. Rptr. 3d 833, 839 (Cal. Ct. App. 2010).  Nor does it render the search and seizure violative of the Fourth Amendment on the facts alleged.  Without more, Rocha's allegation that defendants knew he possessed a medical marijuana recommendation does not negate probable cause and render the search and seizure unreasonable under California law.  *See People v. Clark*, 178 Cal. Rptr. 3d 649, 656 (Cal. Ct. App. 2014), *review denied* (Dec. 17, 2014).

4.  Because Rocha did not plead a violation of his constitutional or statutory rights, the district court's alternative holding that the doctrine of qualified immunity

bars Rocha's claims was not erroneous. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011).

5.  The district court did not abuse its discretion by denying Rocha leave to file a third amended complaint. The district court dismissed Rocha's first amended complaint ("FAC") without prejudice, informed Rocha of the FAC's deficiencies, and granted him leave to file a SAC. The SAC, however, did not cure the identified deficiencies, and Rocha pointed to no additional facts that could support his claims. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1012 (9th Cir. 2011).

**AFFIRMED.**